**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

*Harry W. McSherry*
*First Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, Suite B210*
*New Orleans, LA  70130*

Telephone # :(504) 680-3012
Fax # : (504) 589-3602

May 18, 2009



Honorable Kurt D. Engelhardt
United States District Judge
Eastern District of Louisiana
500 Camp Street, Room C-351
New Orleans, Louisiana  70130

    Re:   United States v. Alexander Henri Legault
            Criminal Docket No. 86-137 "N"

Dear Judge Engelhardt:

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Alexander Henri Legault, the defendant, in the above-captioned proceeding.  Defendant's undersigned counsel, Robert Glass, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government has agreed that should the Court accept the defendant's plea of guilty to Counts 1 and 8, the Government will request the Court to dismiss the remaining counts at the time of sentencing.  The defendant understands that the Court is not bound to dismiss any count.

    The defendant further understands that the maximum statutory penalty defendant may receive should his plea of guilty be accepted is five years imprisonment and/or a fine of $10,000.00 for Count 1 and five years imprisonment and/or a fine of $5,000.00 for Count 8.  The defendant understands that the maximum statutory term of imprisonment he faces is ten (10) years, and the maximum statutory fine he faces is $15,000.00.

    The government and the defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the maximum term of imprisonment as to Counts 1 and 8 should be seven years imprisonment and a maximum fine of $15,000.00.  All other terms of the sentence are left to the discretion of the Court.  The defendant and the government understand that this stipulation as to the maximum incarceration and fine is not binding on the court unless and until it accepts the entire plea

____ Fee _____
____ Process _____
_X_ Dktd _____
____ CtRmDep _____
____ Doc. No. _____

agreement including the stipulated terms of the agreement. Defendant Legault understands that he has a right to withdraw a plea of guilty if the Court rejects the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5). If the Court rejects the plea agreement pursuant to Rule 11(c)(5), but defendant Legault chooses not to withdraw his plea of guilty, the Court can impose the maximum statutory penalty as set forth in the preceding paragraph.

The Victim and Witness Protection Act is not applicable except where a sentence of probation is imposed since the offense was committed before January 1, 1983, the date the Act went into effect.

There is a pending indictment against the defendant in the Southern District of Texas. Because the parties have acknowledged that the losses incurred by victims in the Southern District of Texas case relate to the fraud charged in the Eastern District of Louisiana and should be included with those losses from the fraud in the Eastern District of Louisiana case for sentencing purposes, the United States agrees to move the court in the Southern District of Texas to dismiss with prejudice that indictment, Criminal Docket No. 82-211, pending against defendant LEGAULT.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

Because the parties have set forth a maximum sentence pursuant to Rule 11(c)(1)(C), the defendant knowingly and voluntarily waives any right pursuant to Fed. R. Crim. P. 35(b) to move this Court for a reduction of sentence.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that he/she may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a

result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty. In addition, the defendant also understands that the government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant has charges pending in <u>State of Florida v. Alexander Legault</u>, Court Case No. 97-30591, in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida. Defendant understands that the proceedings in the State of Florida case have no bearing on the plea agreement or the sentence to be imposed in <u>United States v. Legault</u>, Criminal Docket No. 86-137 "N".

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his/her possession or those assets transferred or sold to or deposited with any third party. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information will be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____ 6/16/09
HARRY W. MCSHERRY
Assistant United States Attorney

_____ 6/16/09
ROBERT GLASS
Attorney for the Defendant   (Date)

_____ 6/16/09
ALEXANDER HENRI LEGAULT
Defendant   (Date)